IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

W.M. BARR & COMPANY,
INCORPORATED,

    Plaintiff,

v.                                             No. 05-2855 B

THE SAVOGRAN COMPANY, and
STERLING CLARK LURTON
CORPORATION,

    Defendants.

ORDER DISMISSING CASE FOR FAILURE TO EFFECT SERVICE

      Plaintiff, W.M. Barr & Company, Inc. ("W.M. Barr"), filed this complaint for trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1114 and § 1125, on November 18, 2005. On May 5, 2006, the Court ordered the Plaintiff to show cause, within fifteen (15) days, why this action should not be dismissed for failure to effect service on the Defendants. Although the time for a response has expired, the Court has received no notification that service has been effectuated.

      Rule 4(m) of the Federal Rules of Civil Procedure provides that

> "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, . . . on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). As stated by the Advisory Committee, the Rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days[.]" Fed. R. Civ. P. 4(m) advisory committee's note (1993 amendments); see also Osborne v. First Union Nat'l Bank of Del., 217 F.R.D. 405, 408 (S.D. Ohio 2003) (the Rule

requires the court to determine whether the plaintiff has shown good cause for his failure to effect timely service; if he has, the court shall extend the time for such service).  Good cause may be demonstrated where the plaintiff made reasonable and diligent efforts to effect service.  See <u>Habib v. General Motors Corp.</u>, 15 F.3d 72, 74 (6th Cir. 1994).  On the other hand, inadvertence or half-hearted efforts at service do not establish good cause.  <u>Friedman v. Estate of Presser</u>, 929 F.2d 1151, 1157 (6th Cir. 1991).  Whether good cause has been shown lies within the sound discretion of the trial court.  <u>Byrd v. Stone</u>, 94 F.3d 217, 219 (6th Cir. 1996).  In this case, the Plaintiff wholly failed to make service as required by Rule 4(m) or to respond to the Court's order to show cause and has offered no explanation therefor.  Thus, as the Plaintiff has failed to show good cause for its failure to effect timely service on the Defendants, dismissal is appropriate.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED without prejudice.

**IT IS SO ORDERED** this 1st day of June, 2006.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE